IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| LONNIE DOUGLAS DAVY, § | | |
| TDCJ No. 02063731 § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | W-19-CV-250-ADA | |
| § | | |
| BOBBY LUMPKIN,¹ Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## **ORDER**

Before the Court are Petitioner Lonnie Douglas Davy's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent's Response (ECF No. 7), and Petitioner's Reply (ECF No. 14). Having reviewed the record and pleadings submitted by both parties, the Court denies Petitioner's federal habeas corpus petition as procedurally barred.

## **I. Background**

In August 2015, Petitioner was charged by indictment with one count of possession of a controlled substance at least 1 gram but less than 4 grams (Case No. 38,865) and by separate indictment with tampering with or fabricating physical evidence (Case No. 38,866). (ECF Nos. 10-37 at 12-13, 10-50 at 1-2.) Both indictments included two felony

---

[1] The previous named respondent in this action was Lorie Davis. Bobby Lumpkin succeeded Ms. Davis as the Director of the Texas Department of Criminal Justice, Correctional Institutions Division and is automatically substituted as a party. FED. R. CIV. P. 25(d).

1

enhancement paragraphs for a 2002 conviction for burglary of habitation and a 2004 conviction for unlawful possession of a firearm. (*Id.*) Petitioner was tried on both charges simultaneously, and in April 2016, a jury found Petitioner guilty of both offenses, found both enhancement paragraphs true, and sentenced Petitioner to forty years imprisonment for the possession of a controlled substance offense and twenty-five years imprisonment on the tampering offense, to run concurrently. *State v. Davy*, Nos. 38,865 & 38,866 (66th Dist. Ct., Hill Cnty., Tex. Apr. 13, 2016.) (ECF Nos. 10-38 at 14, 10-50 at 1-2.)

Petitioner's conviction was affirmed on appeal. *Davy v. State*, Nos. 07-16-00262-CR, 07-16-00263-CR, 525 S.W.3d 745 (Tex. App.—Amarillo, May 5, 2017, pet. ref'd). On October 4, 2017, the Texas Court of Criminal Appeals (Court of Criminal Appeals) refused Petitioner's Petition for Discretionary Review. *Davy v. State*, PD-0578-17, PD-0579-17 (Tex. Crim. App. Oct. 4, 2017). Petitioner did not file a writ of certiorari in the United States Supreme Court. (ECF No. 1 at 3.)

On August 20, 2018, Petitioner filed a state habeas corpus application, challenging both convictions,[2] and listing the following ten grounds of relief:

1. The trial court abused its discretion by failing to take judicial notice of adjudicative facts;

2. Trial counsel provided ineffective assistance by failing to adequately argue a motion to suppress evidence;

3. The trial court's denial of Petitioner's motion for a continuance deprived Petitioner of due process;

---

[2] Petitioner listed both convictions in his application but only filed one application. It appears from the record that the Hill County clerk filed the same application for both convictions. *See Ex parte Davy*, WR-89,198-01, -02. (ECF Nos. 10-31-32; 10-42-43.) Because the applications are identical, the Court will only cite to the first application.

4. Petitioner was "denied a fair and impartial trial under *Brady* [*v. Maryland*, 373 U.S. 83 (1963)"];

5. The prosecutor withheld material exculpatory evidence;

6. The trial court violated Petitioner's Fourth and Sixth Amendment rights by precluding the introduction of impeachment evidence;

7. The trial court committed egregious error when it failed to define the terms "final" and "finally" in the jury charge;

8. The trial court erred in overruling Petitioner's objection to the admission of an exhibit for failure to comply with Article 39.14 of the Texas Code of Criminal Procedure;

9. The evidence supporting the enhancement paragraphs was legally insufficient; and

10. The trial court erred when it commented on Petitioner not testifying in front of the jury.

(ECF Nos. 10-31 at 1-18, 10-32 at 1-6) (hereinafter "August 2018 state habeas applications"). On December 5, 2018, the Court of Criminal Appeals denied Petitioner's applications without written order. *Ex parte Davy*, Nos. WR-89,198-01, WR-89,198-02. (ECF Nos. 10-29, 10-40.)

On March 22, 2019, Petitioner filed two new state habeas corpus applications, challenging the same convictions. He listed three grounds for relief:

1. Ineffective assistance of trial counsel based on counsel (a) being unprepared for trial, (b) failing to file a motion to compel discovery, (c) failing to challenge the sufficiency of the evidence, and (d) failing to challenge the State trying the two indictments in one trial;

2. Ineffective assistance of appellate counsel based on counsel's failure to raise on appeal (a) the ineffective assistance of Petitioner's trial counsel, (b) the State trying Petitioner for both indictments in one trial; and (c) the sufficiency of the evidence supporting his convictions; and

      3. There evidence supporting Petitioner's convictions is insufficient.

(ECF Nos. 10-56, 10-58) (hereinafter "March 2019 state habeas applications"). On April 8, 2019, and prior to the March 2019 state habeas applications being decided, Petitioner filed the instant federal habeas corpus petition. (ECF No. 1.) In it, he lists the same claims he raised in the March 2019 state habeas applications. On June 12, 2019, the Court of Criminal Appeals dismissed the March 2019 state habeas applications as subsequent applications, pursuant to Texas Code of Criminal Procedure Article 11.07 § 4(a)-(c). (ECF Nos. 10-55, 10-57.)

      On July 25, 2019, Respondent filed a response to Petitioner's federal habeas petition, arguing that it was procedurally barred (ECF No. 9), to which Petitioner replied on March 5, 2020 (ECF No. 14).

## II. Analysis

### A. Exhaustion and Procedural Bar

      Before seeking review in federal court, a habeas petitioner must first present his claims in state court and exhaust all available state court remedies through a proper adjudication on the merits. *See* 28 U.S.C. § 2254(b)(1)(A) (federal habeas relief may not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts lack the power to grant habeas corpus relief on an unexhausted claim. *Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003). In Texas, the exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the Court of Criminal Appeals in a procedurally proper manner through a

petition for discretionary review or through an application for writ of habeas corpus. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). The the failure to present a claim in accordance with a state's rules renders it procedurally defaulted:

> If a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal, the prisoner has procedurally defaulted his federal habeas claim. The state procedural rule must be both independent of the merits of the federal claim and an adequate basis for the court's decision. A state procedural rule is an adequate basis for the court's decision only if it is strictly or regularly applied evenhandedly to the vast majority of similar claims.

*Rocha v. Thaler*, 626 F.3d 815, 820-21 (5th Cir. 2010) (internal citations and quotations omitted).

Here, Petitioner's March 2019 state habeas applications were presented to the Court of Criminal Appeals through a writ of habeas corpus but dismissed as subsequent pursuant to Article 11.07 § 4 of the Texas Code of Criminal Procedure, the Fifth Circuit has held constitutes "an independent and adequate state ground for the purpose of imposing a procedural bar" in a subsequent federal habeas proceeding. *Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

### B. Exceptions to Procedural Bar

Because the entirety of Petitioner's March 2019 state habeas applications were found procedurally barred by the Court of Criminal Appeals, this Court can only review the merits of Petitioner's claims if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991); *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997).

To establish cause for the default, Petitioner must show that some external force impeded his efforts to comply with the state's procedural rule regarding proper presentment of his claims in the state courts. *Coleman*, 501 U.S. at 753. "Examples of external impediments include active governmental interference or the reasonable unavailability of the factual or legal basis for the claim." *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). To demonstrate prejudice, Petitioner must show not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *Hughes v. Quarterman*, 530 F.3d 336, 341-42 (5th Cir. 2008); *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008). To establish a fundamental miscarriage of justice, Petitioner must make a "persuasive showing" that he is actually innocent of the crime of conviction, i.e., that as a *factual* matter, he did not commit the crime of conviction. *Bagwell v. Dretke*, 372 F.3d 748, 757 (5th Cir. 2004); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

In his response to Respondent, Petitioner argues that his August 2018 state habeas applications were non-compliant with the rules for filing state habeas applications and thus should have been dismissed. Thus, according to Petitioner, the Court of Criminal Appeals erred when the court denied his August 2018 state habeas applications on the merits, and that, had the court not made this error, his March 2019 state habeas applications would not have been dismissed as subsequent. Petitioner argues this error

thus constitutes sufficient cause for his procedural default. This Court, however, does not review the propriety of a state court's decision whether or not a state habeas application conforms with the state court's rules for filing a compliant application. Indeed, for this argument to succeed, Petitioner would need to show a decision by the relevant state court that his August 2018 state habeas applications were improperly adjudicated on the merits. Absent this, Petitioner cannot show that an objective factor external to the defense impeded his efforts to comply with the state procedural rule.[3]

Petitioner also argues that he is innocent of the charged offenses, and thus the Court's failure to consider his petition on the merits would result in a fundamental miscarriage of justice. In support of this argument, Petitioner attaches an affidavit from Latisha Bates, dated April 11, 2016, wherein she states the controlled substances Petitioner was charged with possessing were, in fact, hers and that Petitioner was innocent of the two charged offenses. (ECF No. 14-2 at 20-22.) However, Ms. Bates testified to these same allegations during Petitioner's trial—which took place from April 11-13, 2016—and the jury still convicted him of both offenses. Accordingly, Ms. Bates's affidavit does not support a finding that Petitioner is actually innocent of the charged offenses and that it would be a fundamental miscarriage of justice were this Court not to address the merits of his petition. Having thus failed to show cause for his procedural

---

[3] Petitioner also argues that he only filed one state habeas application in August 2018 and thus some person in the Hill County District Clerk's Office fraudulently tampered with his application. As noted in footnote 2, Petitioner's application challenged both convictions and it stands to reason that the Hill County Clerk accommodated Petitioner by filing an identical application for both offenses. Petitioner provides no evidence for his claim of fraud outside his baseless speculation and, in any event, has not shown what bearing any such fraud would have on the procedural default of his March 2019 state habeas applications.

default or that he is actually innocent of the charge offenses, the Court must deny Petitioner's federal habeas petition as procedurally defaulted.

## IV. Certificate of Appealability

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects a habeas petition on procedural grounds without reaching the constitutional claims, "a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327

(citing *Slack*, 529 U.S. at 484). Accordingly, the Court will not issue a certificate of appealability.

It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED**; and

It is **FURTHER ORDERED** that no certificate of appealability shall issue in this case.

**SIGNED** on January 4, 2021

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE